UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN CASEY, an individual,<br><br>          Plaintiff,<br><br>v.<br><br>SUMITOMO (SHI) CRYOGENICS OF AMERICA, INC.,<br><br>          Defendant. | Case No.: 19cv937-CAB-BGS<br><br>**ORDER REGARDING MOTION TO DISMISS AND TO STRIKE [Doc. No. 9]** |

On July 1, 2019, Defendant Sumitomo (SHI) Cryogenics of America, Inc. ("Defendant" or "SCAI") filed a motion to dismiss and to strike Plaintiff's First Amended Complaint pursuant to Fed.R. Civ.P. 12(f) and 12(b)(6). [Doc. No. 9.] On July 22, 2019, Plaintiff Kathryn Casey ("Plaintiff") filed an opposition. [Doc. No. 10]. On July 29, 2019, Defendant filed a reply. [Doc. No. 11.] The Court finds the motion suitable for submission on the papers and without oral argument in accordance with Civil Local Rule 7.1(d)(1).

## BACKGROUND

Plaintiff's claims arise from her employment with SCAI. Plaintiff was initially employed by Ferran Technology as an office manager. First Amended Complaint ("FAC") ¶ 18. In October 2016, SCAI acquired Ferran Technology, and ultimately SCAI

1

became Plaintiff's employer. *Id.* at ¶ 20. When Plaintiff began working for SCAI, she kept her position as an office manager. *Id.*

The gravamen of Plaintiff's FAC is that she was wrongfully terminated from her employment as a result of alleged gender discrimination and retaliation for making certain workplace complaints. Plaintiff alleges SCAI discriminated against her on the basis of her gender by "excommunicating" her from meetings with executives from SCAI's parent company visiting SCAI's San Diego offices, and unfavorably altering her office manager job responsibilities. *Id.* at ¶¶ 24, 29, 43-44, 55, 153, 171. Plaintiff further alleges SCAI retaliated against her for making certain complaints to management, including about wage and hour irregularities and financial reporting to SCAI's parent company. *See id.* ¶¶ 47-52, 80-82. Plaintiff alleges SCAI thereafter "limited her job duties," "stripped her of all other office managerial duties," and "lower[ed] her performance evaluation so that her employment file could have negative marks as a means of starting the process of terminating her[.]" *Id.* at ¶¶ 52, 55-56. Plaintiff alleges that her employment was terminated on February 25, 2019. *Id.* at ¶ 120.

On May 20, 2019, Plaintiff filed a complaint against SCAI and its CEO, David Dedman, alleging the following causes of action against both Defendants: (1) wrongful termination in violation of public policy, (2) retaliation under Cal. Labor Code § 1102.5, (3) retaliation under Cal. Labor Code § 98.6, (4) discrimination in violation of Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940(a), (5) retaliation in violation of FEHA, Cal. Gov. Code § 12940(h), and (6) intentional infliction of emotional distress.

On June 11, 2019, David Dedman filed a motion to dismiss all causes of action. [Doc. No. 5.] On the same day, SCAI filed a motion to dismiss the fourth through sixth causes of action for failure to state a claim, and to strike allegations related to SCAI's alleged concealment of financial activities from SCAI's corporate parent and hiring of a family member. [Doc. No. 4.] Rather than oppose, Plaintiff responded by filing the FAC [Doc. No. 6], and then dismissed Dedman without prejudice [Doc. No. 8].

The FAC alleges the same causes of action as in the complaint. Defendant seeks to dismiss the fourth, fifth, and sixth causes of action for failure to state a claim. Defendant also requests that the Court strike paragraphs 36(1), 37, 47 through 53, 55 through 58, 69 through 76, 79 and 151 from the FAC as irrelevant and improper.

## LEGAL STANDARD

Under Rule 12(b)(6), a party may bring a motion to dismiss based on the failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Ordinarily, for purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008). But, a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 555). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Generally, leave to amend a pleading "shall be freely given when justice so requires. Fed. R. Civ. P. 15 (a)(2). *See, e.g., Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) ("This policy is to be applied with extreme liberality.") Dismissal without leave to amend is only appropriate when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made).

Pursuant to Federal Rule of Procedure Rule 12(f), the Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Motions to strike generally will not be granted unless it is clear that the matter to be stricken could not have any possible bearing on the subject matter of

the litigation. *See LeDuc v. Kentucky Central Life Insurance Co.*, 814 F.Supp. 820, 830 (N.D.Cal.1992). Allegations "supplying background or historical material or other matter of an evidentiary nature will not be stricken unless unduly prejudicial to defendant." *Id*. Moreover, allegations which contribute to a full understanding of the complaint as a whole need not be stricken. *See id*.

## DISCUSSION

A. Sixth Cause of Action.

Defendant seeks dismissal of the sixth cause of action for intentional infliction of emotional distress ("IIED") on the grounds that Plaintiff has not alleged sufficient facts to show SCAI engaged in any "outrageous and extreme" conduct, as required to state such a claim. [Doc. No. 9-1 at 10-12.] Rather, Defendant argues, Plaintiff's IIED claim is predicated on personnel decisions which cannot serve as a basis for an IIED claim. *Id.*

Under California law, the elements of a claim for intentional infliction of emotional distress are as follows: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Lawler v. Montblanc North America, LLC*, 704 F.3d 1235, 1245 (9th Cir. 2013) (quoting *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009)). "A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated in a civilized community.' " *Id*. "A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *Janken v. GM Hughes Elecs*., 46 Cal. App. 4th 55, 80 (1996).

Here, Plaintiff alleges that the conduct that caused her emotional distress was the following: "Defendant Dedman was instrumental in the decision and implementation of adverse actions and gender discrimination/differential treatment including, but not limited to, stripping of Plaintiff's job duties as an adverse action to where she ultimately did nothing more than order lunches and clear up after the male executives were finished

eating, excommunicating her, and ultimately terminating her." [FAC ¶203.] Plaintiff also alleges that the motivation for such conduct was gender discrimination and whistleblower retaliation. [FAC ¶207.]

All of this alleged conduct – stripping Plaintiff of job duties, not communicating with her, terminating her employment– are personnel management activities which cannot support a claim for IIED, even if the motivation for such conduct was improper. *Janken*, 46 Cal. App. 4th at 80. Therefore, the motion to dismiss the sixth cause of action for IIED is **GRANTED**. Given that Plaintiff has already been given an opportunity to amend this claim, further leave to amend is denied.

B. Fourth Cause of Action.

Defendant argues the fourth cause of action for discrimination under FEHA fails because Plaintiff has not alleged any facts to show that SCAI's alleged adverse employment actions taken against her were substantially motivated by gender discrimination. [Doc. No. 9-1 at 12-14.]

To establish a prima facie case of gender discrimination, a plaintiff must show that: "(1) [s]he was a member of a protected class, (2) [s]he was qualified for the position [s]he sought or was performing competently in the position [s]he held, (3) [s]he suffered an adverse employment action, such as termination, demotion, or denial of an available job, and (4) some other circumstance suggests discriminatory motive." *Guz v. Bechtel Nat. Inc.*, 24 Cal.4th 317, 355 (2000)("The specific elements of a prima facie case may vary depending on the particular facts."). In *Harris v. City of Santa Monica*, 56 Cal.4th 203, 232 (2013), the California Supreme Court held that a plaintiff alleging discrimination under FEHA must show that discrimination was a "substantial motivating factor" for the adverse employment action, rather than simply a "motivating factor."

Here, Plaintiff alleges that she was treated differently because she was "perceived as a nagging woman." [FAC ¶183] She also alleges that she was "left out of meetings with executives from the Japanese parent company when they visited because she is a woman,

and Defendants only permitted men from the management team to have any involvement with the Japanese parent company executives." [FAC ¶42.] Thus, Plaintiff has made allegations that she was treated differently because of her gender. Whether these allegations, if proven true, show that gender was a "motivating factor" versus a "substantial motivating factor" in her termination is a question for a jury. Therefore, Plaintiff has sufficiently stated a claim for gender discrimination and the motion to dismiss the fourth cause of action is **DENIED**.

C. Fifth Cause of Action.

Defendant argues the fifth cause of action for retaliation fails because Plaintiff does not allege a causal connection between any gender-related protected activity and SCAI's alleged adverse employment action taken against her. [Doc. No. 9-1 at 14-15.]

The FEHA prohibits retaliation against "any person." Cal. Gov't Code § 12940(h). To establish a prima facie case of retaliation under the FEHA, plaintiff must show: (1) she engaged in a protected activity; (2) she was subject to an adverse employment action; and (3) there was a causal link between the protected activity and the adverse action. *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal.4th 1028 (2005). To establish unlawful retaliation, the plaintiff must "establish that unlawful retaliation was a substantial factor motivating the adverse employment action." *Yau v. Saint Francis Mem'l Hosp.*, No. 13–cv–02558 DMR, 2015 WL 3639521, at *11 (N.D. Cal. June 11, 2015) (citing *Harris v. City of Santa Monica*, 56 Cal.4th 203, 225, 152 Cal.Rptr.3d 392, 294 P.3d 49 (2013)) (internal quotation marks omitted).

Defendant acknowledges that Plaintiff alleges that she engaged in protected activity ("reported to management that she was being treated less favorably as a woman") in February 2018. [Doc. No. 9-1 at 14; FAC ¶45.] Defendant argues that Plaintiff also alleges that she was terminated a year later and that, such a lengthy passage of time, precludes any inference that the termination was a result of Plaintiff's protected activity. [Doc. No. 9-1 at 14.]

An inference of causation may arise based on the timing of an adverse employment action. *Passantino v. Johnson & Johnson Consumer Products, Inc*., 212 F.3d 493, 507 (9th Cir.2000) ("when adverse employment decisions are taken within a reasonable period of time after complaints of discrimination have been made, retaliatory intent may be inferred"). In particular, where an adverse employment action occurs "close on the heels" of the protected activity, the timing alone may be sufficient to support an inference of causation. *Ray v. Henderson*, 217 F.3d 1234, 1244 (9th Cir.2000) (holding on summary judgment that causation could be inferred based on timing of adverse employment actions). Even where the time that elapses between the protected activity and the adverse employment action is not short enough to support an inference of causation, however, a plaintiff may demonstrate causation "if between these events the employer engages in a pattern of conduct consistent with retaliatory intent." *Wysinger v. Automobile Club of Southern California*, 157 Cal.App. 4th 413, 421 (2008). "[T]he collective impact of a series of retaliatory acts may constitute sufficient adverse employment action even if some of the acts individually would not." *Id*. at 421 (holding that undeserved negative job reviews, reductions in staff, ignoring the plaintiff's health concerns, and "acts that caused the plaintiff substantial psychological harm" constituted "a pattern of conduct, the totality of which constitute[d] and adverse employment action"); *see also Green v. Laibco, LLC*, 192 Cal.App. 4th 441, 455–456 (2011).

Here, Plaintiff alleges that, after her protected activity, she had her job duties stripped [FAC¶ ¶55, 56, 69, 74, 78, 113] received unwarranted scolding [FAC ¶¶51, 93], and was given falsified negative job reviews [FAC ¶¶52, 53.] These alleged actions are sufficient to show "a pattern of conduct consistent with retaliatory intent." *Wysinger*, 157 Cal.App.4th at 421. Therefore, the motion to dismiss the fifth cause of action is **DENIED**.

D. Motion to Strike.

Defendant argues that Plaintiff's allegations that she lodged reports about executives "hiding capital and hiding spending activities from [SCAI]"s corporate parent company in Japan," should be stricken because she does not allege what statute, rule or regulation may

have been violated by such alleged conduct and, therefore, those allegations cannot be the basis of a whistleblower claim. [Doc. No. 9-1 at 17-19.]

A claim for violation of Labor Code section 1102.5 (California's whistleblower statute) requires "(1) the plaintiff establish a prima facie case of retaliation, (2) the defendant provide a legitimate, nonretaliatory explanation for its acts, and (3) the plaintiff show this explanation is merely a pretext for the retaliation. [Citations.]" *Manavian v. Department of Justice*, 28 Cal.App.5th 1127, 1141 (2018). To establish the first element, the plaintiff must show (1) the plaintiff engaged in protected activity, (2) the defendant subjected the plaintiff to an adverse employment action, and (3) there is a causal link between the two. *Id.* An employee engages in activity protected by the statute when the employee discloses " 'reasonably based suspicions' of illegal activity. [Citation*.]" Green v. Ralee Engineering Co*., 19 Cal.4th 66, 87 (1998). "To have a reasonably based suspicion of illegal activity, the employee must be able to point to some legal foundation for his suspicion—some statute, rule or regulation which may have been violated by the conduct he disclosed. [Citation.]" *Fitzgerald v. El Dorado County*, 94 F.Supp.3d 1155, 1172 (E.D. Cal. 2015).

In this case, in the subject paragraphs, Plaintiff alleges that she lodged reports about executives "hiding capital and hiding spending activities from SUMITOMO's corporate parent company in Japan . . . in order to appear more profitable than it was. . ." [FAC ¶36(1)], and that she "reasonably believed it was illegal for executive management to hide finances and spending activities from the parent company (as she reasonably believed the same to amount to fraud, among other violations of the law)" [FAC ¶37]. Although Plaintiff does not expressly allege that she believed Defendants were violating or not complying with a specific state or federal law, Labor Code section 1102.5, subdivision (b), does not require such an express statement. It requires only that an employee disclose information and that the employee reasonably believe the information discloses unlawful activity. Lab. Code, § 1102.5, subd. (b); *Ross v. County of Riverside*, 36 Cal.App.5th 580, 593 (2019). Here, Plaintiff alleges she reasonably believed the acts

8

constituted fraud, and fraud can certainly be a crime. *See e.g.*, Cal. Penal Code §532. Whether it was reasonable for Plaintiff to believe that the alleged actions constituted criminal fraud is a jury question. Moreover, Defendant has not shown that the "matter to be stricken could not have any possible bearing on the subject matter of the litigation," or that the subject allegations are "unduly prejudicial to defendant." *LeDuc*, 814 F.Supp. at 830. Therefore, the motion to strike is **DENIED**.

## CONCLUSION

For the reasons set forth above, the Court **ORDERS AS FOLLOWS**:

(1) the motion to dismiss is **GRANTED** as to the sixth cause of action for intentional infliction of emotional distress without leave to amend;

(2) The motion to dismiss the fourth and fifth causes of action is **DENIED**.

(3) The motion to strike is **DENIED**;

(4) Defendant shall **answer** the FAC, as amended by this Order, by **September 6, 2019**.

**IT IS SO ORDERED.**

Dated: August 14, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge